1:08CV59-MEF
Page 2

# MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Middle of Alabama (Souther Dvision) |
|---|---|

| Name (under which you were convicted): SERGIO RIOS | Docket or Case No.: 1:05-CR-264-MEF |
|---|---|
| Place of Confinement: CCA EDEN DETENTION CENTER | Prisoner No.: 87975-020 |

| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
|---|---|
| v. SERGIO RIOS | |

## MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   U.S. Distric Court for the Middle District of Alabama. P.O. BOX 711 Montgomery, AL 36101-0711.

   (b) Criminal docket or case number (if you know): 1:05-CR-264 (MEF)

2. (a) Date of the judgment of conviction (if you know): April 12, 2006

   (b) Date of sentencing: July 11, 2006

3. Length of sentence: 97 months

4. Nature of crime (all counts): Count One: Conspiring to possess with intent to distribute Methamphetamine, in violation of title 21 USC §§ 841(a)(1) and 846; Counts 2 to 9: Use of a Communication Facility in committing a Drug Trafficking Offense, in violation of title 21 USC § 843(b).

5. (a) What was your plea? (Check one)
   (1)  Not guilty ❑     (2)  Guilty ☒     (3)  Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? N/A

6. If you went to trial, what kind of trial did you have? (Check one) N/A Jury ❑     Judge only ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☒

8.  Did you appeal from the judgment of conviction?    Yes ☐    No ☒

9.  If you did appeal, answer the following:

    (a) Name of court: _____

    (b) Docket or case number (if you know): _____

    (c) Result: _____

    (d) Date of result (if you know): _____

    (e) Citation to the case (if you know): _____

    (f) Grounds raised: _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    (g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☐

       If "Yes," answer the following:

       (1) Docket or case number (if you know): _____

       (2) Result: _____

       _____

       (3) Date of result (if you know): _____

       (4) Citation to the case (if you know): _____

       (5) Grounds raised: _____

       _____

       _____

       _____

       _____

       _____

       _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

       Yes ☐    No ☒

11. If your answer to Question 10 was "Yes," give the following information:

    (a)  (1) Name of court: _____

        (2) Docket or case number (if you know): _____

        (3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or

application?    Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your

motion, petition, or application?

(1)  First petition:      Yes ☐   No ☐

(2)  Second petition:   Yes ☐   No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not: _____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: Ineffective Assistance of Counsel in violation of his Sixth Amendment Constitutional Right.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

I. The Sentence of Petitioner is violative of his Sixth Amendment Right to Effective Assistance of Counsel.

1) The performance of counsels for Petitioner fell below an objective standard of reasonableness during pretrial plea negotiation, sentence, direct appeal and postconviction processess.

2) Petitioner was prejudiced by the objectively unreasonable performance of counsels during pretrial plea negotiation, sentence, direct appeal and postconviction processess.

_____

_____

_____

(b) Direct Appeal of Ground One: **N/A**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☒

(2) If you did not raise this issue in your direct appeal, explain why: This is my first claim against my conviction and sentence.

_____

(c) Post-Conviction Proceedings: **N/A**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND TWO:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) Direct Appeal of Ground Two:   **N/A**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☒

    (2) If you did not raise this issue in your direct appeal, explain why:   <u>This is my first</u>
<u>challenge to my conviction and sentence</u>

(c) Post-Conviction Proceedings:   **N/A**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND TWO: _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

GROUND THREE: _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐    No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐    No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐     No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐     No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐     No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or

raise this issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ☐   No ☐

    (2) If you did not raise this issue in your direct appeal, explain why: _____

    _____

    _____

(c)  **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ☐   No ☐

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ☐   No ☐

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ☐   No ☐

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ☐   No ☐

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: **N/A** _____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Derek F. Yarbrough, 117 East Main Street, Dothan, Alabama 36301, and Robert Hinson, 360 North Oates St. Dothan, AL. 36303.

(b) At arraignment and plea: Same _____

(c) At trial: N/A _____

(d) At sentencing: Same _____

(e) On appeal: ___N/A___

_____

(f) In any post-conviction proceeding: _pro se._____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: __N/A_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐   No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* Petitioner was waiting that his attorneys submitted a motion under Rule 35, in order to further downward departe Petitioner's sentence, it was not in the control of Petitioner the submission of said motion, and therefore Petitioner is herein respectfully asking to this H. Court to apply the "equitable tolling" principle, because Petitioner had not direct control to known if his attorneys submitted the Rule 35 motion and this amounts to extraordinary circumstances warranting the application of equitable tolling, allowing to Petitioner to proceed under his claim under title 28 USC § 2255.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
   A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
      (1) the date on which the judgment of conviction became final;
      (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
      (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
      (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: _A hearing to prove his_ _claim and alternatively to be resentenced to a term of 63 months_ _of_ _incarceration._

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _December_ _4, 2007_ (month, date, year).

Executed (signed) on _December 4, 2007_ (date).

*Sergio Rios*
_____
Signature of Movant
Sergio Rios pro se

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_____
[Insert appropriate court]
* * * * *

SERGIO RIOS
REG.# 87975-020
P.O. BOX 605
EDEN, TX 76837

Honorable Clerk of Court
United States District Court
for the Middle District of Alabama
P.O. BOX 711
Montgomery, AL 36101-0711



$ 06.20⁰

6.20

LEGAL MAIL



1

## STATEMENT OF CLAIM

1. Pursuant to title 28 United States Codes section 2255, hereafter
§ 2255 motion, Federal Rules of Civil Procedure 8-11, and Rule 2 of
the Rules governing section 2255 proceedings, Sergio Rios, pro se, here-
after the "Petitioner," states the following claims for relief under
28 USC § 2255.

2. These claims for relief incorporate the attached section 2255
Model Court Form, as well as the information contained therein as if
set forth in full herein.

3. On or about August 31, 2005, Petitioner was accused under a
criminal complaint case 1:05mj-110-CSC, to the following:

From or about November 23, 2004 to presnt (08.31.2005) in the
Houston county and elsewhere within the Middle District of Alabama
defendant did, combine, conspire, and cofederate with others known
and unknown to possess with intent to distribute **methamphetamine.**
(there was not indication in regrads of the amount of methamphetamine
in this complain, and the plain language indicates that the drug
was **plain methamphetamine.**)

4. On or about November 15, 2005, Petitioner was indicted in this
H. Court of:

Count One: Conspiracy to possess with intent to distribute and dis-
tribute 50 grams or more of methamphetamine (plain) and 500 grams or
more of a mixture and substance containing a detectable amount of
methamphetamine (plain) in violation of title 21 USC 841(a)(1) and
846.

2

Count Two: Use a communication facility, that is a cellular telephone in committing, causing and facilitating the offense set forth in Count One of the indictment, in violation of title 21 USC § 843(b).(See Appendix 1)

5. On April 12, 2006, Petitioner pleaded guilty and entered to a government's plea agreement as instructed by his counsel, Petitioner pleaded guilty to the very same charges contained in the complaint and the indictment. The plea agreement contained a cooperation agreement in which the government agreed to reduce Petitioner's offense level in at least 4 levels or more, and also that the sentence of Petitioner to be in the low-end of the applicable guideline range. Additionally the government agreed to file a motion under Rule 35, for Petitioner substantial assistance and cooperation in the prosecution of others committing criminal offenses. (See Appendix 1 and 2)

6. On June 30, 2006, Petitioner was sentenced for the very same charges contained in the complaint, indictment, plea agreement, to wit:  "possession with intent to distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine."

Petitioner was sentenced to 97 months of imprisonment for the charge of Count One (hereabove described) and to 48 months for the charges on counts Two to Nine, which will run concurrectly with the count One of the indictment.

In accord to the U.S.S.G. § 2D1.1, the base offense level for the Count One establish that:

At least 500 grams but less than 1.5 kilograms of Methamphetamine, or at least 50 grams of Methamphetamine (Actual), or at least 50 grams, but less than 150 grams of "Ice." (See Appendix 3)

3.

In accord to the probation officer Petitioner's sentence was calculated as follows:

| | | |
|---|---|---|
| Base Offense Level | Level | 34 |
| Specific Offense Characteristics | | 0 |
| Adjustment for Role in the Offense | | + 2 |
| Victmin Related Adjustment None | | 0 |
| Adjustment Offense Level (Subtotal) | | 36 |
| Adjustment for acceptance of Responsibility | | - 3 |
| Chapter Four Enhancement | | 0 |
| Total Offense Level | | 33 |
| | | |
| Adjustment of 4 levels for substantial assistance | | - 4 |
| Total Offense Level | | 29 |

That with a criminal history category amounts to a range of incarceration of 97 to 121 months⊔

4

In accord to the U.S.S.G. § 2D1.1, Petitioner's calculation of his offense level and range of incarceration should have been as follows:

| | |
|---|---:|
| Base Offense level for at least 500 grams but less than 1.5 kilograms of Methamphetamine, or at least 50 grams of Methamphetamine (Actual) | Level 32 |
| Specific Characteristics of the Offense | 0 |
| Adjustment for Role in the Offense* | + 2* |
| Victim Related Adjustment None | 0 |
| Adjustment Offense Level (Subtotal) | <u>34</u> |
| Chapter Four Enhancement | 0 |
| Adjustment for Acceptance of Responsibility | - 3 |
| Total Offense Level | <u>31</u> |
| Adjustment of 4 levels for substantial assistance | - 4 |
| Total Offense Level | <u>27</u> |

The adjustment upwards to Petitioner's sentence for Role in the offense was not included in the plea agreement. So the 2 level enhancement shoudn't be added    - 2

Total Offense Level must be in the level 25 that    <u>25</u>
with a criminal history category of II amounts to
a sentence of 63 to 78 months incarceration.

5

7. Since the begining of his case Petitioner was represented by Counsels Robert Hinson and Derek F. Yarbrough.

8. Petitioner provided counsels with complete and accurate informa- tion and did not place any restrictions on counsels.

9. Petitioner relied completely and in all material respects on the advice of counsel.

CLAIM NUMBER ONE

10. Petitioner restates, repleads, and realleges the facts, plea- dings, and allegations set forth in ¶¶1-9 herein.

11. Petitioner sentence is violative of his Sixth Amendment consti- tutional right to effective assistance of counsel in the pretrial plea negotiation, sentencing and post-conviction processess.

12. Counsels could have but did not challenge the Probation Officer calculation of the Petitioner's sentence.

13. Counsels could have but did not challeged the 2 levels enhance- ments for role in the offense.

14. Counsels could have but did not alleged ineffective assistance of counsel in direct appeal due to the fatal failures to challenge the Probation Officer's calculation of Petitioner's sentence, and the unwarranted enhancement of Petitioner's base offense level in 2 levels for Role in the Offense.

15. Counsels' omissions set forth in ¶¶12-14 were not the result of reasoned decisions based on strategic or tactical choices among all plausible options available to counsels for the defense of Petitioner

6

during pretrial plea negotiation process, sentence, direct appeal and
post-conviction processess.

16. Petitioner was prejudiced from the unprofessional omissions of
counsel, set forth in ¶¶12-14 because absent said omissions, there is
a reasonable probability that the outcome of his pretrial plea nego-
tiation, sentence, and direct appeal would have been different. More
specifically, but for counsels' unprofessional omissions there is a
reasonable probability that counsels would have been able to negotiate
a more favorable plea agreement which did not include any enhancement
for role in the offense and also including the total offense level to
which Petitioner was pleading reflecting the base offense level 32
in accord with U.S.S.G. § 2D1.1, minus 3 levels for acceptance of
responsibility, 4 levels for substantial assistance to the government,
that with criminal history category of II would reflect a sentence in
the range of level 25, to 63 to 78 months imprisonment. Additional in
accord to the plea agreement Petitioner would be sentenced in the low
end of the range of imprisonment that means to 63 months incarceration.

17. Petitioner was greatly prejudiced from the unprofessional
omissions of counsel, set forth in ¶¶12-14 because said omissions
undermine confidence in the reliability of his pretrial plea negotia-
tion, sentence, direct appeal and postconviction processes.

## JURISDICTION

This Court has jurisdiction to entertain, rule on the merits and grant relief in this calims, under the title 28 USC § 2255 and the principles of Strickland v. Washington, 466 U.S. **668, 80** L.Ed. 2d 674, 104 S.Ct. 2052 (1984), as construed in case law such as United States v. Glover, 531 U.S. 198; 121 S.Ct. 696; 148 L. Ed. 2d 604; 2001 US LEXIS 639 (2001) and Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 US LEXIS 2837, **53-64; 146 L. ed. 2d 389 (4-18-00).

## MOTION FOR DISCOVERY

Pursuant to Rule 6 of the rules governing section 2255 proceedings, Petitioner asks leave of this Court to invoke the process of discovery. More specifically, he asks this Honorabel Court to **ORDER** Eben T. Rawls allow himself to be deposed. The evidence developed through the fore-going depositions will materially support the allegations of Petitioner, as to the "performance" of counsel, detailed and set forth herein.[1] Specifically, Petitioner request this Court to allow counsel to question Eden T. Rawls, as to the reasons for his failures complained of herein.

---

[1] The Supreme Court's most recent review of "discovery" in habeas corpus proceedings was in Bracy v. gramely, 520 U.S. 899, 117 S.Ct. 1793,138 L.Ed. 2d 97 (1997). In Bracy v. Gramely, the Supreme Court vacated a District court and Court of Appeals denial of discovery in habeas cor-pus, 28 USC § 2254. The Supreme Court pointed out that Rule 6 of the Rules Governing 2254 cases, prescribing discovery procedures in federal habeas corpus cases, is meant to be consistent with Harris v. Nelson, 394 US 286, 22 L.Ed. 281, 89 S.Ct. 1082 (1969), in which it was stated that were specific allegations before a federal court show reason to belive that a petitioner for habeas corpus relief may, if the facts are

8

## MOTION FOR APPOINTMENT

### OF COUNSEL

Pursuant to Rule 6(c) and Rule 8(c) of the Rules Governing Section 2255 Proceedings, Petitioner respectfully asks that counsel be appointed for discovery and his evidentiary hearing.2

---

**1 continue**  fully developed, be able to demostrate entitlement to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry. Bracy v. Gramley, 520 U.S. at 909.

**2**  See United States v. Leopard, 170 F.3d 1013, 1015 (10th Cir.1999) ("if an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 USC § 3006 A.")

9

## VERIFICATION

The facts set forth in ¶¶ 1-17 herein are based in personal knowledge, information and belief and are true and correct. Signed under penalty of perjury under 28 USC § 1746 this 4th day of December , 2007

Respectfully submitted,

*Sergio Rios*

Sergio Rios, pro se
Reg.# 87975-020
P.O.BOX 605
EDEN, TX 76837

10

## JUDGMENT REQUESTED

Pursuant to Rule 8 of the Rules governig section 2255 proceedings, the Petitioner respectfully asks to this H. Court to ORDER a evidentiary hearing where he can prove the allegations herein.

Alternatively, Petitioner respectfully asks to this H. Court to resentence Petitioner to 63 months incarceration that reflect the proper calculation of his base offense level and total offense level as shown in the hereinabove ¶ 6, pages 2-4 this motion.

I. **THE SENTENCE OF PETITIONER IS VIOLATIVE OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.**

1) **The performance of counsel for Petitioner fell below an objective standard of reasonableness during pre-trial plea negotiation, sentence and postconviction processes**

In Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), the Supreme Court established a two prong test to govern ineffective assistance of counsel claims. To obtain reversal of a conviction or to vacate a sentence based on ineffective assistance of counsel the defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's objectively unreasonable performance, the result of the proceeding would have been different. Id. 466 U.S. at 688-689; Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S.LEXIS 2837 **53-64; 146 L.Ed. 2d 389 (4-18-00); Wiggins v. Smith, 539 U.S. 510; 123 S.Ct. 2527, 2535, 156 L.Ed. 2d 471; 2003 U.S. LEXIS 5014 (2003).

The Court stated that, "judicial scrutiny of counsel's performance must be highly deferential" and added that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.

The Court clarified that this reference to "highly deferential scrutiny referred only[1] to the first or performance prong of test and meant that,

12

> "...the defendant must overcome the presumption that, under
> the circumstances, the challenged action 'might be considered
> sound trial strategy.'"

Strickland v. Washington, 466 U.S. at 689-691.

   The Court added that,

> "... strategic choices made after thorough investigation
> of law facts relevant to plausible options are virtually
> unchallengeable; and stratigic choices made after less
> than complete investigation are reasonable precisely to
> the extent that reasonable professional judgments support
> the limitations on investigation. In other words, counsel
> has a duty to make a reasonable decision that makes
> particular investigations unnecessary." Id.

   Two years after its Strickland decision, the Court reaffirmed that
this portion of the decision sets forth what test that can be made
in evaluating whether the performance of counsel was within the range
of "reasonable professional assistance", or fell below an objective
standard of reasonableness. Kimmelman v. Morrison, 477 U.S. 365,385-
387, 91 L.Ed.2d 305, 106 S.Ct. 2574 (1986). See also: Williams v.
Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146
L.Ed.2d 389 (4-18-00); Wiggins v. Smith, 539 U.S. 510; 123 S.Ct.
2527, 2535; 156 L.Ed.2d 471; U.S. LEXIS 5014(2003).

---

1 The Court stated that "factors which may actually have entered into
  counsel's selection of strategies and...may thus affect the performance
  inquiry...are irrelevant to the prejudice inquiry."Strickland v.
  Washington, 466 US at 695.
2 This presupposes, for the instant argument, that the defendant provided
  counsel with complete and accurate information and did not placed
  any restrictions on counsel's strategy. Strickland v. Washington,466
  US at 691.

13

The Supreme Court noted that,

> "...a single, serious error may support a claim of ineffective
> assistance of counsel."

Kimmelman v. Morrison, 477 U.S. at 384. The Court addred that this
"single serious error" could cause counsel's performance to fall
"below the level of reasonable professional assistance," even where,
"counsel's performance at trial [was] generally creditable enough,"
and even where counsel had made "vigorous cross-examination, attempts
to discredit witnesses, and [an] effort to establish a different
version of the facts," Id. 477 U.S. at 386.[3]

The Court held that the determining factor was whether or not
counsel's "single serious error" or "failure" was the result of, or
attributable to, a trial "strategy." Id. 477 U.S. 384-386; William v.
Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146
L.Ed.2d 389 (4-18-00); Wiggins v. Smith, 539 U.S. 510; 123 S.Ct.
2527,2535; 156 L.Ed.2d 471; 2003 U.S. LEXIS 5014 (2003).

The Court then found that no "strategy" was involved in that case
and that counsel's performance thereby fell below the Strickland v.
Washington objective standard because counsel's failure was based
"on counsel's mistaken beliefs" as to the laws governing discovery.
Id. 477 U.S. at 385.

---

[3] See also Murray v. carrier, 477 U.S. 478, 496, 91 L.Ed.2d 397, 106
S.Ct. 2639(1986)("The right to effective assistance of counsel...
...may in a particular case be violated by even an isolated error
of counsel if that error is sufficiently egregious and perjudicial")
Smith v. United States, 871 F.Supp. 251, 255 & [n.8] (E.D. Va. 1994)
(finding performance below constitutional standards for "failure to
rise an objection to a clear and indisputable error in the PSI."
but pointing out that "[t]he error was an innocent inadvertence, and

14

The Supreme Court added:

> "Viewing counsel's failure to conduct any discovery from
> his perspective at the time he decided to forego that
> stage of pretrial preparation and applying a 'heavy
> measure of defence,' ibid., to his judgment, we find
> counsel's decision unreasonable, that is contrary to
> prevailing professional norms. The justification
> Morrinson's attorney offered for his omissions betray a
> startling ignorance of the law - or a weak attempt to
> shift blame for inadequate preparation. 'Counsel has a
> duty to make reasonable investigations or to make a
> reasonable decision that makes particular investigations
> unnecessary.' Id. Respondent'a lawyer neither investigated,
> nor made a reasonable decision not to investigate the
> State's case through discovery."

Kimmelman v. Morrison, 477 U.S. at 385.

In other words, the Court determined that counsel's omissions
were not part of any "strategy" or trial tactic because they had not
been taken after thorough investigation of the law and facts relevant
to all plausible options available to counsel. From this, the Court
determined that the omissions were  professionally unreasonable
and had caused counsel's performance to fall below the objective
standard of Strickland. See Kimmelman v. Morrison, 477 U.S. at
385-387; Williams v. Taylor, 129 S.Ct. 1495, 1512-16; 2000 U.S.
LEXIS 2837,**53-64;146 L.Ed 2d 389 (4-18-00); Wiggins v. Smith, 539
U.S. 510; 123 S.Ct. 2527, 2535; 156 L.Ed.2d 471; 2003 U.S. LEXIS
5014 (2003)(counsel's failure to investigate mitigating evidence
could not be strategic "because investigation supporting their choice
unreasonable.").[4]

In short, no deference is due to counsel's actions, and the performance of counsel falls below the Strickland objective standard of reaonableness [5] if counsel's specific acts or omissions are not demonstrably [6] the result of actual strategic choices made between or among all plausible options "after thorough investigation of law and facts relevant to [the] opinions." Stricklend, 466 U.S. at 691; Kimmelman v. Morrison, 477 U.S. at 385-387; Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146 L.Ed 2d 389 (4-18-00)[7]

---

3 cont. not indicative of the entirety of counsel's representation of petitioner, which was competent and effective in all others respects."); United States v. Al king Jones, 2001 U.S. Dist.LEXIS 1740 (E.D.LA 2-9-01)(same).

4 The decisions of the lower Courts have followed this unambiguous mandate from the Supreme Court. See United States v. Stricklin, 2002 U.S. App. LEXIS 9118 (5th Cir.5-1-02)(counsel's performance below objective standard of Strickland due to counsel's failure to investigate guidelines and case law defining "mixture or substance" for sentencing for narcotics violations); United States v. Hylton, 2002 U.S. App. LEXIS 12818 (DC Cir.6-28-02)(counsel's performance below objective standard of Strickland due to failure to investigate facts and law relevant to defense at trial); United States v. Holder, 410, 410 F.3d 651; 2005 U.S. App. LEXIS 10380 (10th Cir. 2005)(same-failure to call defense witness); United States v. Alferahin, 2006 U.S. App. LEXIS 575 (9th Cir.2006) (failure to move for materiality jury jurisdiction); United States v. Thornton, 2005 U.S. Dist. LEXIS 17164 (ED PA 2005)(failure to object to introduction of prejudicial Fed.R.Evid. 404(b); United States v. McCoy, 410 F,3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir. 2005)(attorney agreed to prejudicial stipulation at trial); Bruce v. United States, 256 F.3d 592; 2001 U.S. App. LEXIS 15054 (7th Cir.2001); Brown Mayers, 137 F.3d 1154 (9th Cir.1998)(counsel failed to investigate and present available testimony supporting petitioner's alibi): United States v. Kauffman, 109 F.3d 186 (3rd Cir.1997)(failure to investigate law and facts relevant to plausible defense ineffective assistance); Williamson v. Ward, 110 F.3d 1508 (10th Cir. 1997)(same); Foster v. Lockhart, 9 F.3d 722, 726 (8th Cir.1993)(failure to investigate law and facts relevant to plausible defense ineffective assistance); United States v. Headley, 923 F.2d 1079, 1083-84 (3rd Cir.1991)(same - Guideline

16

Where a convicted defendant is making a claim of ineffective
assistance of counsel, the defendant,

> "...must identify the acts or omissions of counsel that
> are alleged not to have been the result of reasonable
> professional judgment."

Strickland v. Washington, 466 U.S. at 690

---

[4] case involving failure to investigate facts and law relative to
motion for reduction in sentence for "minor role"); Smith v. Steward,
140 F.3d 1263 (9th Cir..), cert. denied, 525 U.S. 929 (1998)(failure
to investigate mitigating evidence was ineffective); Holsomback v.
White, 133 F.3d 1382 (11th Cir. 1998)(failure to investigate was
ineffective assistance of counsel).

[5] For purposes of this portion of the Strickland analysis, the Court
presumes that counsel's failures were at least potentially prejudicial
to the defendant. Kimmelman v. Morrison, 477 U.S. at 365, 387, 390-91.

[6] See Wiggins v. Smith, 539 U.S. 510; 123 S.Ct. 2527, 2535; 156 L.Ed.
2d 471; 2003 U.S. LEXIS 5014 (2003)(court's "assumption" that counsel
made reasonable investigation vacated when unsupported by the record);
United States v. Burrows, 872 F.2d 915, 918-919 (9th Cir. 1989)(record
must"conclusively" demostrate strategic nature of counsel's actions);
Harris v. Reed, 894 F.2d 871, 878 (7th cir.1990)(reviewing court
should "not construct strategic defenses which **counsel** does not offer"
(citing Kimmelman v. Morrison, 477 U.S. at 386); Moffet v. Kolb, 930
F.2d 1156, 1160-61 (7th Cir.1991)(counsel's unexplained failure to
use available police report, to impeach prosecution witness's statement
and support theory of defense, below objective standard of Strickland)
United States v. Headley, 923 F.2d 1079, 1084 (3rd Cir.1991)(ramanding
for hearing where there was "[no] rational basis" in the record to
believe that sentencing counsel's failure, to argue for downward
adjustment in Sentencing guidelines for minor role, was a "strategic
choice"); United v. Acklen, 47 F.3d 739, 743-44 (5th Cir. 1995)
(remanding for evidenciary hearing where was nothing in record to
indicate counsel's failure were attributable to strategic choice
among all plausible alternatives available for defense); United States
v. Dawson, 857 F.2d 923, 929 (3rd Cir.1988)(absent evidence in the
record, "this court will not speculate on trial counsel's motives");
Nichols v. United States, 75 F.3d 1137 (7th Cir.1996)(same).

[7] The courts have decided that counsel's failure to consider or
investigate laws and facts relevant to potentially viable defenses
cannot be said to be the result of reasonable professional judgment,
nor can it be termed "strategic" or "objectively reasonable," because
"counsel can hardly be said to have made a strategic choice against
pursuing a certain line of investigation when s/he has not yet
obtained the facts on which such a decision could be made." Gray,supra
878 F.2d at 711 (citing Strickland, 466 U.S. at 690-91);Holsomback v.
White, 133 F 3d 1382 (11th Cir.1998)(same).

17

if the record does not "conclusively" demostrate "strategic reasons" for counsel's failures, the district court entertaining a motion under 28 USC § must hold an evidentiary hearing.[8]

A subsequent affidavit from counsel will not suffice to establish a trial strategy, nor absolve the district court from the requirement of holding an evidentiary hearing.[9]

In the instant case Petitioner has made specific, sworn, factual allegations which this Court should accept as true for the purpose of considering whether to hold an evidentiary hearing, because they are not conclusively disproved by the files and records of this case.

The allegations of Petitioner as to the "performance" of counsel include the following:

---

[8] United States v. Briggs , 939 F.2d 222, 228 (5th Cir.1991); United States v. Holder, 410 F.3d 651; 2005 U.S. App. LEXIS 10380(10th Cir. 2005)(remanding for evidentiary hearing where no explanation in record for counsel's complained of failure); United States v. McCoy, 410 F.3d 124; 2005 U.S. App. LEXIS 10372 (3rd Cir.2005)(same); United States v. Estrada, 849 F.2d 1304, 1306-1307 (1st Cir.1988); Virgin Islands v. Weatherwax, 20 F.3d 572, 573 (3rd Cir.1994); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir.1994)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel unless claim inadequate on its face or if records conclusively refute factual assertions of claim); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994)(evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitled to no relief); Nichols v. United States, 75 F.3d 1137 (7th Cir.1996)(same); United States v. Witherspoon, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir.11-6-00)(petitioner entitled to evidentiary hearing when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).
[9] Smith v. McCormick, 914 F.2d 1153, 1170 (9th Cir.1990); United States v. Giardino, 797 F.2d 30,32 (1st Cir.1986); Lindhorst v. United States, 585 F.2d 361, 365 (8th Cir.1978).

18

Petitioner's counsels Mr. Derek F. Yarbrough and Mr. Robert Hinson fatally failed to challeged the Probation Officer PSI, before the sentencing hearing, they both failed to challenge the 2 level upward adjustment for role in the offense, they failed to challenge the PSI calculation of the base offense level 34, instead of 32 that properly reflect the correct base offense level in accord with the U.S.S.G. § 2D1.1 for the charge of possessing with intent to distribute and dis-tribute 500 grams of more of a substance containing Methamphetamine, as it was charged in the complaint, indictment, plea agreement and sentence.

Should Petitioner's counsels challenged the 2 levels upward adjust-ment in Petitioner's sentence, and the base offense level of 34 instead of 32 in accord to the amount of 500 grams or more of methamphetamine the outcome of the case would have been different, in fact Petitioner could have received a sentence in level 25, that with a criminal history category of II, would led to a sentence in the range of 63 to 78 months. Moreover, Petitioner could have been sentence in the low-end of the range of imprisonment to 63 monthsⱮ

All this in Petitioner's great prejudice.

Assuming for purposes of this portion of the Strickland analysis that the foregoing failures were potentially prejudicial to Petitioner it cannot be said from the present record that counsel's "performance" did not fall below the objective standard of Strickland. This  is because Petitioner has pleaded that counsel's failures in defending Petitioner were based on counsel's addication of counsel's duty to advocate Petitioner's case and cause.[10]  Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146 L.Ed 2d 389 (4-18-00) Wiggins v. Smith, 539 U.S. 510; 123 S.Ct. 2527, 2535; 156 L.Ed 2d 471; 2003 U.S. LEXIS 5014 (2003)(counsels' failures to investigate mitigatiing evidence could not be strategic "because the investigation supporting their choice was unreasonable"); United States v. Smith, 915 F.2d (5th Cir.1990); Lockhart v. McCotter, 782 F.2d 1275, 1279 (5th Cir. 1986), cert. denied 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed 2d 827 (1987)(citing Ricalday v. Procunier, 736 F.2d 203, 206 (5th Cir. 1984).[11]

---

10 See also: Anderson v. Johnson, 338 F.3d 382; 2003 U.S. App. LEXIS 13778 (5th Cir.2003)(counsel's performance below objective standard of Wiggins v. Smith where attorney failed to make complete investigation of the case); Mays v. Gibson, 2000 U.S. App. LEXIS 8858 (10th Cir.2000)(citing Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146 L.Ed.2d 389 (4-18-00); Jackson v. Calderon, 2000 U.S. App. LEXIS 9049 (9th Cir.2000)(same)
11 See also United States v. Soto, 132 F.3d 56, 58 (D.C. Cir.1997) (counsel cannot properly invoke a particular Guideline provison "merely by reciting to the court a list of mitigating facts)(quoting United States v. Foster, 988 F.2d 206, 210 (D.C.Cir.1993)(quoting United States v. sergio 934 F.2d 875, 881 (7th Cir.1991)); United States v. Harfst, 168 F3d 398, 401 (10th Cir. 1999).

Petitioner never accepted the 2 levels enhancement to his base offense level, neither it was proved to a jury beyond a reasonable doubt.

The complain, indictment, and the plea agreement to which Petitioner pleaded did not include the enhancement of 2 levels for role in the offense, and therefore the enhancement was unwarranted, and the great failure from Petitioner's counsels to challenge this enhancement clearly constitutes Ineffective Assistance of Counsel.

Moreover, Petitioner's counsels failure to challenge the base offense level of 34 as it was calculated by the probation officer in the PSI, instead of level 32 consistent with the amount of drugs charged in the indictment and plea agreement (500 grams of more of Methamphetamine) also constitutes Ineffective Assistance of Counsel.

Additionally, Petitioner's counsels could have but did not appeal Petitioner's sentence on the grounds of Ineffective Assistance of Counsel, based on their failures to challenge the unwarranted enhancement of 2 levels for role and the miscalculation of his base offense level of 34, instead of level 32.

In fact Counsels deprived Petitioner from his right to appeal his sentence on the grounds of Ineffective Assistance of Counsel.

2) **Petitioner was prejudiced by the objectively unreasonable performance of counsel during pretrial plea negotiation, sentence and post-conviction processes.**

In writing for the majority in Strickland v. Washington, 466 U.S. 668, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984), Justice O'Connor stated the general rule that,

> "...actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice."

Id. 466 U.S. at 693, 80 L.Ed.2d at 697.

More specifically, Justice O'Connor set forth the now well known statement of the test for "prejudice" in claims of actual counsel's ineffectiveness as:

> "The defendant must show that there is a reasonable probability that, but for counsel's unproffesional errors, the result of the proceeding would have been different. A reasonable probability sufficient to undermine confidence in the outcome."

Id. 466 U.S. at 695, 80 L.ed.2d at 698.

While the Court noted the government's, perhaps natural, inclination to argue that attorney error is harmless the defendant can show that "counsel's deficient conduct more likely than not altered the outcome," [12] the Court specifically and explicitly rejected this argument by the government.[13]

In rejecting any outcome determinative test such as that employed in the Federal Rule of Criminal Procedure 33 analysis, the Court stated:

> "The result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome."

Strickland v. Washington, 466 U.S. at 694, 80 L.Ed.2d at 697; Williams v. Taylor, 120 S.Ct. 1495, 1519; 2000 U.S. LEXIS 2837,**76, 146 L.ed.2d 389 (4-18-00)[14]

---

12 Id. 466 U.S. at 694, 80 L.Ed. 2d at 697.

13 Id. This, of course, means that the "plain error" standard also does not apply to ineffective assistance of counsel claims. Id. See United States v. Olano, 507 U.S. 725, 735 (1993)(pain error "must be real and such that it probably influence the verdict...") Moreover, the courts have rejected any 'sufficiency of untained evidence' test in determining "prejudice" under Strickland. See Johnson v. Scott, 68 f.3d 106, 109-10 (5th Cir.1995).

14 See Soffar v. Dretke, 368 F.3d 441, 478-480; 2004 U.S. App. LEXIS 7793** 106-111 (5th Cir. 2004)(same); United States v. Day, 969 F.2d 39, 45 and [n.3] (3rd cir.1992)(same) and United States v. Loughery, 908 F.2d 1014, 1018-1020 (D.C. Cir.1990)(same). While some Courts have held that Lockhart v. Fretwell, 506 U.S. 364, 373, 122 L.ed.2d 180, 189, 113 S.Ct. 838 (1993) modified Strickland "to require a separate inquiry into fundamental fairness even when [petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding," Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146 L.Ed. 2d 389 (4-18-00), this construction of Lockhart v. Fretwell was specifically addressed and rejected by the Supreme Court in Williams v. Taylor. The Supreme Court's holding in Lockhart v. Fretwell, was limited to circumstances where the a "different outcome" would be contrary to the law. Id. As Justice O'Connor carefully pointed out in Lockhart v. Fretwell,:
> "...todays decision will, in the vast majority of cases, have no effect on the prejudice inquiry under Strickland... The determinative question--whether there is 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding have been differnt'..remains unchanged.

The Court further specifically rejected the application of the "actual prejudice" standard of United States v. Frady, 456 U.S. 152, 71 L.Ed. 2d 816, 102 S.Ct. 1584 (1982), to claims of ineffective assistance of counsel, with the following admonishment:

> "The principles governing ineffectiveness claims should apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. As indicated by the 'cause and prejudice' test for overcoming procedural waivers of claims of error, the presumption that a criminal judgment is final is at its strongest in collateral attacks on that judgment, see United States v, frady, 456 U.S. 152, 162-169, 71 L.Ed.2d 816, 102 S.Ct. 1558 (1982). An ineffective claim, however, as our articulation of the standards that govern such decision of such claims makes clear, is an attack on the fundamental fairness of the procedings whose result is challeged. Since fundamental fairness is the central concern of the writ of habeas corpus, see id. at 126, no special standards ought to apply to ineffectiveness claims made in habeas proceedings."

Strickland, 466 U.S. at 697-98, 80 L.ed.2d at 700.[15]

---

15 See Kimmelman v. Morrison, 477 U.S. at 375, 393 and [n.1] (demostartion of "a reasonable probability: that the verdict would have been different constitutes "actual prejudice" in claims of actual ineffective assistance of counsel) Osborn v. Shillinger, 861 F.2d 612, 626 and [n.13](10th Cir.1988)(same); Smith v. United States, 871 F. Supp. 251, 255 (E.D. Va. 1994)(same).

24

The Court hearing an ineffectiveness claim should consider the totality of the factors which guided the decisionmaker in the challenged proceeding, then try to determine which factors were or were not "affected" by the counsel's errors.

> "Talking the unaffected [factors] as a given, and taking due account of the effect of the errors on the remaining [factors], a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors."

Strickland v. Washington, 466 U.S. at 696, 80 L.Ed.2d at 699.

Where through "hindsight" [16] the Court can determine that, but for the errors of counsel, there is a "reasonable probability" of a different outcome, a probability sufficient to "undermine confidence" in the challenged proceedings, the defendant has affirmatively proven prejudice. Strickland , 466 U.S. at 694-95; United States v. Glover, 531 U.S. 198; 121 S.Ct. 696; 148 L.Ed. 2d 604, 2001 U.S. LEXIS 639 (2001); Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146 L.Ed. 2d 389(4-18-00)[17]

---

[16] Lewis v. Dretke, 355 F.3d 364; 2003 U.S. App. LEXIS 26156(5th Cir. 2003)(citing Westley v. Johnson, 83 F.3d 714, 723 (5th Cir.1996) (citing Lockhart v. Fretwell, 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993))("prejudice," contrary to the "performance" performance" test of Strickland, is measured by "hindsight"); Mayo v. Henderson, 13 F.3d 528 (2nd Cir.1994)(same); McKee v. United States, 167 F.3d 103; 1999 U.S. App. LEXIS 1390 (2nd Cir.1999)(same); Prou v. United States, 199 f.3d 37; 1999 U.S. App. LEXIS 32827 (1st Cir.1999)(same). This means that the law applicable to the determination of "prejudice" is the law known to be correct at the time the claim of ineffective assistance of counsel is adjudicated. Id. In cases where the outcome of the prejudice inquiry would be affected by United States v. Booker,

This rule is applicable to find "prejudice" where hindsight demostartes that counsel's constitutionally deficient performance deprived a federal defendant of consideration for a favorable adjustment or downward departure under the United States Sentencing Guidelines. United States v. Glover, 531 U.S. 198; 121 S.Ct. 696; 148 L.ed. 2d 604; 2001 LEXIS 639 (2001)(rejecting Court of Appeals' rule that only a 'substantial' change in application of sentencing guidelines constituted "prejudice" within the meaning of Strickland)[18]

---

**16 cont.** In cases where the outcome of the prejudice inquiry would be affected by United States v. Booker, 543 U.S.___,125 S. Ct. 738; 160 L.Ed. 2d 621; 2005 U.S. LEXIS 628 (1-12-05), the Supreme Court's holding in Lockhart v. Fretwell requires application of the principles of Booker even if Petitioner's case was final before Booker, Blakely or Apprendi.

**17** In Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146 L.Ed. 2d 389 (4-18-00), the Supreme Court explicitly rejected the theory that Lockhart v. Fretwell, 506 U.S. 364, 373, 122 L.Ed.2d 180, 189, 113 S.Ct. 838 (1993) somehow modified Strickland "to require a separate inquiry into fundamental fairness even when [petitioner] is able to show that his lawyer was ineffective and that his ineffectiveness probably affected the outcome of the proceeding." Williams v. Taylor, 120 S.Ct. 1495, 1512-16; 2000 U.S. LEXIS 2837,**53-64; 146 L.Ed. 2d 389 (5-18-00). This construction of Lockhart v. Fretwell, was specifically addressed and rejected by the Supreme Court in Williams v. Taylor. The Supreme Court's holding in Lockhart v. Fretwell, was limited to circumstances where the a "different outcome" would be contrary to the law. Id. As Justice O'Connor carefully pointed out in Lockhart v. Fretwell,:

> "...today's decision will, in the vast majority of cases, have no effect on the prejudice inquiry under Strickland... The determinative question- whether there is 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'... remains unchanged." Id. 506 U.S. at 373 (O'Connor, concurring).

**18 cont.** United States v. Smack, 2003 U.S. App. LEXIS 21746 (3rd Cir. 10-24-03)(same); United States v. Breckenridge, 93 F.3d 132, 136 (4th Cir. 1996)("The failure to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel")(collecting cases); Auman v. united States, 67 F.3d 157, 161 (8th Cir.1995)(same); United States v. Acklen, 47 F.3d 739, 743 (5th Cir. 1995)(same); United States v. Headley, 923 F.2d 1079, 1083-84 (3rd Cir.1991)(same); Spearman v. United States, 860 F.Supp. 1234, 1244-46 (E.D.Mich.1994)(failure to provide grounds for potential downward departure under guidelines ineffective assistance); Nichols v. United States, 75 F.3d 1137 (7th Cir.1996)(unprofessional failure to challenge relevant conduct as violative of U.S.S.G. § 1B1.3 perjudiced defendant within the meaning of Strlckland); United States v. Londono, 1998 U.S. App. LEXIS 7482 (10th Cir.1997)(unprofessional failure to challenge enhancement for "leadership role" prejudiced defendant within the meaning of Strickland); United States v. Ford, 918 F.2d 1343, 1350 (8th Cir.1990)(ineffective assistance of counsel and defendant prejudiced due to counsel's failure to object to probation officer's recommendation that no downward adjustment be made in defendant's sentence for acceptance of responsibility); United States v. de La Fuente, 8 F.3d 1333 (9th Cir.1993)(counsel's performance below objective standard and defendant prejudiced where counsel failed to move for or make proper argument for departure); United States v. Soto, 132 F.3d 56, 58 (D.C. Cir.1997)(failure to request a downward departure at sentencing may constitute incorrectly applied guideline sentencing range "renders a sentencing error unreviewable only if the district court, at the time of sentencing, states unequivocally that it would impose the same sentence with or without the challenged calculation." United States v. Alaniz, 351 F.3d 365; 2003 U.S. App. LEXIS 24729 (8th Cir.2003); United States v. Rodriguez-Razo, 962 F.2d 1418, 1423-24 (9th Cir.1992)(where Guidelines ranges overlap, record must show that sentence would be the same at either offense level to avoid remand if enhancement was erroneously applied); United States v. Brown, 316 F.3d 1115; 2003 U.S. App. LEXIS 962 (10th Cir.2003)("Where the sentencing error caused an increase in the applicable adjustment level, 'the fact that guideline ranges overlap does not make a plain error harmless,") United States v. Osuna, 189 F.3d 1289, 1294 (10th Cir.1999)(on plain error review, reversing when the district court erroneously applied a guidelines range of 51-63 months rather than the correct(and over-lapping) range of 46-57 months); United States v. Knight, 266 F.3d 203, 208 (3rd Cir.2001)(noting that "the application of an incorrect guideline range resulting in a sentence that is also within the correct range affects substantial rights")(collecting cases)(quotations omitted); United States v. Pielago, 135 F.3d 703, 714, n.1 (11th Cir. 1998)(prejudice established when actual sentence of 140 months based on errorneous use of offense level range of 135-168 months was within the range of correct sentence range of 121-151 months "because the

227

Since January 12, 2005, when the Guidelines were determined to be "advisory" in United States v. booker, 543 U.S._____125 S. Ct. 738; 160 L.Ed. 2d 621; 2005 U.S. LEXIS 628 (1-12-05), the Strickland test, and case law supporting ineffective assistance of counsel at sentencing under the  Guidelines, remains valid for determining "prejudice" for counsel's acts and omissions with respect to sentencing. This is because there can still be a "reasonable probability" that the Court would have followed the Guidelines and/or case law construing the Guidelines and made a downward adjustment under advisory guidelines even though the Court wasn't, and isn't, "required" to grant the downward adjustment and even though the Court had discretion to impose some other sentence.[19]

---

**17** cont. See also: United States v. Grammas, 2004 U.S. App. LEXIS 10164 (5th Cir.2004)(prejudice in the context of a claim of ineffective assistance of counsel established by reasonable probability that, but for counsel's errors, the defendant would have received a lesser sentence, even where defendant could have received precisely the same sentence under the guidelines);

**18** United States v. Stricklin, 2002 U.S. LEXIS 9118 (5th Cir.5-1-02) (ineffective assistance of counsel; defendant prejudiced thereby where counsel failed to object to composition and quantity drug "mixture or substance" s used to determine relevant conduct for the sentencing); United States v. Grammas, 2004 U.S. App. LEXIS 10164 (5th Cir. 2004)(prejudice in the context of a claim of ineffective assistance of counsel established by reasonable probability that, but for counsel's errors, the defendant would have received a lesser sentence, even where defendant could have received precisely the same sentence under the guidelines);Mays v. Gibson, 2000 U.S. App. LEXIS 8858 (10th Cir.2000)(citing Williams v. Taylor, 120 S.Ct. 1495, 1512-16; U.S. LEXIS 2837, **53-64; 146 L.Ed. 2d 389 (4-18-00); Jackson v. Calderon, 2000 U.S. App. LEXIS 9049 (9th Cir. 5-8-2000)(same); United States v. Horey, 333 F.3d 1185; 2003 U.S. App. LEXIS 12732 (10th Cir.2003)(ineffective assistance od counsel, defendant prejudiced and sentence vacated even though defendant did not receive significantly greater sentence as a result of counsel's omissions).

18 **cont.** district court did not clearly state that it would have
imposed" the same sentence were the correct sentencing range
applied): United States v. Grammas, 2004 U.S. App. LEXIS 10164
(5th Cir.2004)(prejudice in the context of a claim of ineffective
assistance of counsel established by reasonable probability that,
but for counsel's errors, the defendant would have received a leseer
sentence, even where defendant could have received precisely the
same sentence under the guidelines).

19 Burley v. Cabana, 818 F.2d 414 (5th Cir.1987)(trial counsel was
ineffective for failing to inform judge of available sentencing
alternatives for youth because there was a reasonable probability
that the trial judge would not have imposed life had it known of
alternatives, even though the court still have imposed the same
life sentence). United States v. Castro, 26 F3d 557; 1994 U.S.
App. LEXIS 16934 (5th Cir.1994)(ineffective assistance of counsel
for deprivation of oportunity to have a sentencing court exercise
its discretion in a defendant's favor); Ballard v. United States
400 F.3d 404; 2005 U.S. App. LEXIS 4002 (6th Cir.2005); United
States v. Hayes, 2005 U.S. Dist. LEXIS 18309 (ED LA 8-24-05);
United States v. Booth, 2005 U.S. App. LEXIS 28896 (3rd Cir.12-29-
05); Shushansky v. United States, 1994 U.S. Dist. LEXIS 18589
(ED NY 1994)(same); United States v. Donn, 661 F.2d 820; 1981 U.S.
App. LEXIS 15876 (9th Cir. 1981)(ineffective assistance of counsel
for failure to challenge prejudicial information in Presentence
Report, even though the court had full discreation under the 'old
law' to impose the same sentence irregardless of the reliability
of the information).

29

In this case Petitioner has made specific, sworn, factual allegations, in the Statement of Claim of his motion under § 2255, that he was prejudiced by the objectively unreasonable performance of his counsels during pretrial plea negotiation, sentence and direct appeal.

The prejudice is the disparity of the sentence that Petitioner did receive (97 months) and the sentence that Petitioner could have had, should his counsels challeged the unwarranted 2 levels enhancement for role in the offense, which was not included in the indictment, nor in the plea agreement, and was never accepted by Petitioner, nor it was proved to a jury beyond a reasonable doubt. Petitioner could have received a sentence in the range of imprisonment of 32, consistent with the amount of drugs charged (500 grams of more of Methamphetamine), that led to a range of incarceration of 63 months.

The prejudice is the deprivation of Petitioner from his right to appeal his sentence on the grounds of Ineffective Assistance of Counsel for the failures and omissions of his counsels as it is hereinabove stated.

There is a probability that Petitioner could had the opportunity to obatin relief in the Court of Appeals, should his counsels submitted an appeal.

### III. AN EVIDENTIARY HEARING IS NECESSARY AND WILL BE USEFUL FOR THE COURT.

Title 28, United States Code, Section 2255 provides that a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released or for reduction of sentence may move the court which imposed the sentence to vacate, set aside or correct the sentence. This section also provides as follows:

> "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt haering thereon, determine the issues and make findings of fact and conclusions of the law with respect thereto."

28 USC 2255.[25]

In the instant case as set forth in the facts of this petition for habeas relief, the foregoing reasons to grant a hearing, arguments, the Petitioner has pleaded, presented evidence , and argued the applicable law to demostrate that his sentence is violative of his Sixth Amendment right to effective assistance of counsel in all of the stages of his case, including direct appeal. Id.

while many of the allegations are already well established by the files and records of this case. amny of the material allegations concern events which took place outside the courtroom and are not, therefore, part of the "files and records." These allegations require an evidentiary hearing under well settled law.

---

25 United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (evidentiary hearing required unless motion § 2255, files, and trial record "conclusively show" petitioner entitle to no relief);

Guy v. Cockrell, 343 F.3d 348; 2003 U.S. App. LEXIS 16632 (5th Cir. 2003)(disputed issues of material fact require evidentiary haering); United States v. Gonzalez, 2004 U.S. App. LEXIS 10946 (10th Cir. 6-3-04); United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir.1994) (evidentiary hearing required unless § 2255 motion, files, and trial record "conclusively show" petitioner entitle to no relief); Virgin Islands v. Weatherwax, 20 F.3d 572, 573 (3rd Cir.1994)(petitioner entitled to evidentiary hearing on ineffective assistance of counsel claim where facts viewed in light most favorable to petitioner would entitle him to relief); Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994)(same); Ciak v. United States, 59 F.3d 296, 306-07 (2nd Cir. 1995)(holding that district court erred in denying request for an evidentiary haering when petitioner "alleged facts, which, if found to be true, would have entitled him to habeas relief."); Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994); Nichols v. United States, 75 F.3d 1137, 1145-46 (7th Cir. 1996)(petitioner entitled to evidentiary hearing on claim of ineffective assistance of counsel when record inconclusive on issue); United States v. Witherspoon, 231 F.3d 923; 2000 U.S. App. LEXIS 27778 (4th Cir.11-6-00)(petitioner entitled to evidentiary haering when motion presented colorable claim and unclear whether counter affidavit disputed defendant's allegations).

---

29 **cont.** Virgin Islands v. Weatherwax, 20 F.3d 572, 573 (3rd Cir.1994) (petitioner entitled to evidentiary hearing on ineffective assistance of counsel where facts viewed in light more favorable to petitioner entitled him to relef); Stoia v. United States, 22 F.3d 766, 768 (7th Cir.1994)(same); Ciak v. United States, 59 F.3d 296, 306-07 (2nd Cir.1995)(same); Shaw v. United States, 24 F.3d 1040,1043(8th Cir.1994)(same).

APPENDIX 1

Indictment 1:05-CR-264-F

( 2 pages )

APPENDIX 1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

F I L E D

NOV 1 5 2005

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIM. NO. ___ 1:05CR264-F |
| ) | [21 USC § 846 and 843(b)] |
| SERGIO RIOS, ) | |
| a/k/a Nick, Jose and Sergy;) ) | |
| JAMES LINDY ARGO, ) | |
| a/k/a Catfish; ) | |
| JOHNNY LAMAR SLAY, ) | |
| a/k/a John Slay ) | INDICTMENT |

The Grand Jury charges that:

Count 1

From in or about early 2000 until the 6ᵗʰ day of October, 2005, in the Middle District

of Alabama and elsewhere, the defendants,

SERGIO RIOS, a/k/a Nick, Jose and Sergy,
JAMES LINDY ARGO, a/k/a Catfish,
JOHNNY LAMAR SLAY, a/k/a John Slay,

did knowingly and intentionally conspire, combine and agree with each other and with other

persons both known and unknown to the Grand Jury to possess with intent to distribute

and distribute 50 grams or more of methamphetamine and 500 grams or more of a mixture

and substance containing a detectable amount of methamphetamine, both Schedule II

Controlled Substances, in violation of Title 21, United States Code, Section 841(a)(1). All

in violation of Title 21, United States Code, Section 846.

Count 2

On or about the 30 ᵗʰ day of April, 2005, in the Middle District of Alabama and

elsewhere, the defendants,

Foreperson

LEURA GARRETT CANARY
United States Attorney

JOHN T. HARMON
United States Attorney

A. CLARK MORRIS
Assistant United States Attorney

6

APPENDIX 2

Plea Agreement 1:05-CR-268-MEF

( 13 pages )

APPENDIX 2

# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:05-cr-264-MEF |
| | ) | |
| SERGIO RIOS, | ) | |
| a/k/a Nick, Jose and Sergy | ) | |

## PLEA AGREEMENT

DEFENSE COUNSEL:          Derek Yarbrough

ASSISTANT U.S. ATTORNEY     A. Clark Morris

## COUNT AND STATUTES CHARGED:

Count 1:     21 U.S.C. § 846

Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Methamphetamine)

Counts 2-9:   21 U.S.C. § 843(b)

Use of a Communication Facility in Committing, Causing and Facilitating a Drug
Trafficking Offense

## PENALTIES BY COUNT - MAXIMUM PENALTY:

Count 1:     21 U.S.C. § 846

Conspiracy to Possess with Intent to Distribute a Controlled Substance
(Methamphetamine)

A term of imprisonment of not less than 10 years and not more than life, a fine of
not more than $4,000,000 or both and a supervised release period of not less than five (5)
years.

Counts 2-9:   21 U.S.C. § 843(b)

Use of a Communication Facility in Committing, Causing and Facilitating a Drug
Trafficking Offense

A term of imprisonment which may not be more than 4 years, and fine not more than $250,000, or both fine and imprisonment; a term of supervised release of not more than three (3) years; and an assessment fee of $100.00.

## ELEMENTS OF THE OFFENSE

### 21 U.S.C. § 846:

1.   That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment, to wit: to possess with intent to distribute methamphetamine; and

2.   That the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

### 21 U.S.C. § 843(b):

1.   The defendant used a "communication facility" as charged;

2.   The defendant used the communication facility while in the process of committing, or to facilitate the commission of, the offense charged in Count 1 of the indictment; and

3.   The defendant acted knowingly and willfully.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Clark Morris, Assistant United States Attorney, and Derek Yarbrough, attorney for the defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties.

## GOVERNMENT'S PROVISIONS

1. Upon entering a plea of guilty by the defendant to the Indictment, the attorney for the Government will do the following:

   a.   The Government will agree that a 2-level reduction in the applicable

offense level pursuant to U.S.S.G. § 3E1.1(a) for the defendant's acceptance of responsibility is appropriate, so long as the defendant does not obstruct justice or otherwise fail to accept responsibility for the offense conduct. Should the Government find the defendant assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and this Court to allocate their resources efficiently, the Government will move at sentencing for a further reduction of one-level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the defendant met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

b. Should the defendant complete the defendant's obligations contained within the Cooperation Agreement as set forth herein, the Government will move at sentencing for a downward departure pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) to reflect the defendant's substantial assistance. In that motion, the Government will recommend a downward departure of at least four (4) levels. Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 5K1.1 and Title 18, United States Code, Section 3553(e) is at the sole discretion of the United States, and, at the sole discretion of the United States, the recommended departure may be more than the above mentioned four levels if the defendant's substantial assistance reflects and/or merits such further departure.

c. Agree that the defendant should be sentenced at the resulting low-end of the applicable guideline range.

3

d.  Agree that any sentence resulting from Counts 2-9 should be served concurrently with the sentence resulting Count 1.

e.  Should the defendant continue his cooperation after sentencing, and if such cooperation rises to the level of substantial assistance, the government agrees to file a motion for downward departure pursuant to Rule 35.  If the defendant's cooperation induces others involved in this conspiracy to plead guilty, the government may consider such cooperation as substantial assistance.  Determination of whether the defendant has met the defendant's obligations to qualify for the reduction pursuant to Rule 35 is at the sole discretion of the United States.

2. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the defendant's background.

## **DEFENDANT'S PROVISIONS**

1.  The defendant agrees to the following:

a.  To plead guilty to the Indictment.

b.  To cooperate fully with the Government as detailed in the Cooperation Agreement below.

c.  Not to commit any other federal or state criminal offense while awaiting sentencing.

d.    While the defendant understands that the United States Sentencing Guidelines are advisory, the defendant agrees to be sentenced in accordance with the United States Sentencing Guidelines.

e.   That facts that determine his offense level will be found by the Court at

4

sentencing by a preponderance of the evidence and that the Court may consider any reliable evidence, including hearsay.

## COOPERATION AGREEMENT

1. The defendant agrees to cooperate fully and testify truthfully against any and all persons as to whom the defendant may have knowledge at the grand jury, trial, or whenever called upon to do so. The defendant understands that this agreement requires the defendant to be truthful and to testify truthfully whenever called upon. The defendant agrees to be available for the review of documents and other materials and for interviews by law enforcement officers and attorneys for the Government upon reasonable request and to fully and truthfully respond to all questions asked of the defendant by law enforcement officers and attorneys for the Government.

The defendant agrees to fully and truthfully disclose to the Government everything the defendant knows about any and all documents and materials in the defendant's possession that relate to the violations charged in this Indictment and any other criminal violations in the Middle District of Alabama and elsewhere. The defendant agrees, if desired by the Government, to travel with agents outside the Middle District of Alabama to identify others involved in Defendant's narcotics organization, locations and/or residences of others involved, or any other information related to others involved in this narcotics trafficking activity. The defendant agrees to submit to a polygraph examination conducted by the Government if requested to do so.

Provided that the defendant satisfies the terms of this Plea Agreement, any information that the defendant truthfully discloses to the Government during the course of the defendant's cooperation, concerning related offenses, will not be used against the

5

defendant, directly or indirectly. The defendant understands that this agreement does not bar the defendant's prosecution for capital felonies, perjury, false statements, and/or obstruction of justice.

If the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, then the Government will be released from its commitment to honor all of its obligations to the defendant, without the defendant being allowed to withdraw the guilty plea. Thus, if at any time the defendant should knowingly and willfully withhold evidence from, or is found to have provided false information to, the Government investigators or attorneys prior to or during the defendant's testimony before grand juries or in trials, or fails to return to the Middle District of Alabama for any scheduled court appearance or any scheduled meeting with law enforcement agents in the Middle District of Alabama, then the Government will be free: (1) to prosecute the defendant for perjury, false declaration, false statement, and/or obstruction of justice (18 U.S.C. Sections 1621, 1623, 1001, 1503); (2) to prosecute the defendant for all violations of federal criminal law which the defendant has committed; (3) to use against the defendant in all of those prosecutions and sentencing the information and documents that the defendant has disclosed or furnished to the Government during the course of the defendant's cooperation; (4) to recommend a maximum sentence; and, (5) to seek forfeiture of any and all forfeitable properties of the defendant.  The parties agree to submit to the court, to be decided by a preponderance of the evidence standard, the question of whether defendant has breached this agreement.

## FACTUAL BASIS

1.    The defendant admits the allegations charged in the Indictment and

6

understands that the nature of the charge to which the plea is offered involves proof as to

the charges in the Indictment. Specifically, the defendant admits that from in or about early

2000 until the 6th day of October, 2005, in the Middle District of Alabama and elsewhere,

the defendants, SERGIO RIOS, a/k/a Nick, Jose and Sergy, JAMES LINDY ARGO, a/k/a

Catfish, JOHNNY LAMAR SLAY, a/k/a John Slay, did knowingly and intentionally conspire,

combine and agree with each other and with other persons both known and unknown to

the Grand Jury to possess with intent to distribute and distribute 50 grams or more of

methamphetamine and 500 grams or more of a mixture and substance containing a

detectable amount of methamphetamine, both Schedule II Controlled Substances, in

violation of Title 21, United States Code, Section 841(a)(1).   All in violation of Title 21,

United States Code, Section 846.  Moreover, the defendant admits that on or about the 30

day of April, 2005; the 3rd day of May, 2005; the 11th day of May, 2005; the 22nd day of

June, 2005, the 23rd day of June, 2005, the 24th day of June, 2005, the 26th day of June,

2005, and the 28th day of June, 2005; in the Middle District of Alabama and elsewhere, the

defendant, SERGIO RIOS, a/k/a Nick, Jose and Sergy, did knowing and intentionally use

a communication facility, that is a cellular telephone, in committing, causing and facilitating

the offense set forth in Count 1 of this indictment in violation of Title 21, United States

Code, Section 843(b).

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

1.  Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of

the sentence under certain circumstances, the defendant expressly waives any and all

rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant further expressly

waives the right to appeal the conviction and sentence on any other ground and waives the

right to attack the sentence in any post-conviction proceeding. This waiver does not include the right to appeal on the grounds of ineffective assistance of counsel and prosecutorial misconduct.

In return for the above waiver by the defendant, the Government does not waive its right to appeal the sentence imposed in the instant case. The Government does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the Government's right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the defendant's sentence pursuant to 18 U.S.C. § 3742(b), the defendant is released from this waiver as to any issue the defendant may raise pursuant to 18 U.S.C. § 3742(a).

## DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT

1. The defendant, before entering a plea of guilty to the Indictment, as provided for herein by said Plea Agreement, advises the Court that:

a. The discussions between the attorney for the Government and the attorney for the defendant towards reaching an agreed plea in this case have taken place with the defendant's authorization and consent.

b. The defendant further understands that, pursuant to 18 U.S.C. § 3013, said $900.00 assessment fee is to be paid by the defendant on the date of sentencing and that, if a fine is imposed by the Court at sentencing, the defendant shall meet with a member of the Financial Litigation Section of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant will make an

8

honest, good faith effort to pay said fine as directed by the Financial Litigation Section of the United States Attorney's Office. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief.

c. The defendant understands that the defendant has a right to be represented by an attorney at every stage of the proceedings against the defendant herein and is represented by the defendant's undersigned attorney.

d. The defendant understands that the defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right to call witnesses in the defendant's own behalf, and the right not to be compelled to incriminate the defendant, and that if the defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the defendant waives the right to a trial by jury or to a trial before the Court. The defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

e. The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the defendant as a result thereof is voluntary on the defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The defendant further advises

9

the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the Government and the attorney for the defendant, all conducted with the defendant's authorization, knowledge, and consent.

f. The defendant further advises the Court that the defendant's understanding of this Plea Agreement is as set forth in this document.

g. The defendant further understands that the Government can only make a recommendation, which is not binding upon the Court. However, if the Court does not accept the plea agreement, the defendant may withdraw his guilty plea, if he so chooses.

h. The defendant further advises the Court that the defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the defendant. However, the defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the defendant under oath, on the court record, and in the presence of counsel.

i. The defendant further understands that if the defendant has failed or should fail in any way to fulfill completely the defendant's obligations under this agreement, including, but not limited to, committing any new state or federal criminal offense while awaiting sentencing, then the Government will be released from its commitment to honor all of its obligations to the defendant without the defendant being able to withdraw his guilty plea. The determination of whether the defendant has breached this plea agreement by

10

failing to fulfill the defendant's obligations herein, will be at the sole discretion of the Government.

j. The defendant is satisfied that defense counsel has been competent and effective in representing defendant.

2. The undersigned attorneys for the Government and for the defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended. The attorney for the defendant further advises the Court that the defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the defendant has been advised of the defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the defendant and the right not to be compelled to incriminate the defendant; and that if the defendant pleads guilty, there will not be a further trial of any kind. Further, the defendant has been advised that if the defendant pleads guilty, the Court may ask questions about the offense to which the defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the defendant in a civil or criminal proceeding, but that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement if the answers are not truthful.

3. The defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the

11

defendant's conduct related to the offense to which the plea is offered, as well as the

defendant's criminal history. The offense level or criminal history category, as calculated

by the Probation Officer and determined by the court, may differ from that projected by

defendant's counsel or the U.S. Attorney.

This _12th_ day of April, 2006.

Respectfully submitted,

LEURA G. CANARY
UNITED STATES ATTORNEY

_Clark Morris_

A. CLARK MORRIS
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, Alabama 36104
Telephone: (334) 223-7280
Fax: (334) 223-7135
E-mail: clark.morris@usdoj.gov

LOUIS V. FRANKLIN, SR.
Chief, Criminal Division

12

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL.

SERGIO RIOS
Defendant

4-12-06
Date

DEREK YARBROUGH
Attorney for the Defendant

4-12-06
Date

13

APPENDIX 3


Judgment in a Criminal Case 1:05-CR-264-LSC

( 2 pages )

**APPENDIX 3**
AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama

UNITED STATES OF AMERICA

    v.                                              Case Number 1:05-CR-0264-LSC

SERGIO RIOS                                              USM Number 87975-002
    Defendant.


## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SERGIO RIOS, was represented by Derek Evan Yarbrough and Spencer Wayne Danzey.

The defendant pleaded guilty to counts 1, 2, 3, 4, 5, 6, 7, 8, and 9. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Offense Ended | Count Numbers |
|---|---|---|---|
| 21 USC § 841(a)(1) and 846 | Conspiracy to Possess with Intent to Distribute Methamphetamine | 10/6/2005 | 1 |
| 21 USC § 843(b) | Use of a Communication Facility in Committing a Drug Trafficking Offense | 9/28/2005 | 2, 3, 4, 5, 6, 7, 8, and 9 |

As pronounced on June 30, 2006, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $900.00, for counts 1, 2, 3, 4, 5, 6, 7, 8, and 9, which shall be due immediately, payable to the Clerk, U.S. District Court, Middle District of Alabama, PO Box 711, Montgomery, AL 36104.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 11th day of July 2006.


L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant: SERGIO RIOS
Case Number:  1:05-CR-0264-LSC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of NINETY SEVEN (97) months. This term consists of 97 months as to Count 1 and 48 months as to Counts 2, 3, 4, 5, 6, 7, 8, and 9, separately, with each count to run concurrently with the other and also to run concurrently to Count 1.

The Court recommends to the Bureau of Prisons that the defendant be evaluated and allowed to participate in the 500 hour intensive drug treatment program and be housed as close as possible to his family in Donaldsonville, Georgia. The drug treatment should take first priority.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____
_____, with a certified copy of this Judgment.

_____
United States Marshal

By  _____
Deputy Marshal

CLOSED, INTERPRETER, KG

# U.S. District Court
## Alabama Middle District (Dothan)
## CRIMINAL DOCKET FOR CASE #: 1:05-cr-00264-MEF-CSC-1
## Internal Use Only

Case title: USA v. Rios et al (INTERPRETER)

Date Filed: 11/15/2005
Date Terminated: 07/11/2006

Assigned to: Hon. Chief Judge Mark E. Fuller
Referred to: Honorable Charles S. Coody

**Defendant**

**Sergio Rios** (1)
*TERMINATED: 07/11/2006*
*also known as*
Nick (1)
*TERMINATED: 07/11/2006*
*also known as*
Jose (1)
*TERMINATED: 07/11/2006*
*also known as*
Sergy (1)
*TERMINATED: 07/11/2006*

represented by **Derek Evan Yarbrough**
Motley, Motley & Yarbrough
117 East Main Street
Dothan, AL 36301
(334) 793-0051
Fax: 793-9845
Email: motley@graceba.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**John Philip Cannon**
PO Box 727
Albany, GA 31702
229-446-8085
Fax: 229-446-7024
*TERMINATED: 10/31/2005*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Spencer Wayne Danzey**
Gunter & Peterson
PO Box 608
Abbeville, AL 36310-0608
334-585-2246
Fax: 334-585-5392
Email: ecnepsd@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: Retained

**Stephen Roger Glassroth**
Federal Defenders of the Middle
District of Georgia, Inc.
P.O. Box 996
Macon, GA 31202-0996
478-743-4747
Fax: 478-743-4749
Email: steve_glassroth@fd.org
*TERMINATED: 05/11/2006*
*ATTORNEY TO BE NOTICED*

| **Pending Counts** | **Disposition** |
|---|---|
| 21:846; CONSPIRACY TO DISTRIBUTE CONTROLLED SUBSTANCE; NMT $4,000,000 [*]; NLT 10Y, NMT Life or B; NLT 5Y SUP REL; $100 SA; G-LINES; VWPA; FORFEITURE ALLEGATION (1) | 97 Mos Imp as to Ct 1 and 48 Mos as to Cts 2,3,4,5,6,7,8 and 9, seprately, with each Ct to run concurrently with the other and also to run concurrently to Ct 1; 60 Mos Sup Rel as to Ct 1 and 12 Mos as to Cts 2-9, with all Cts to run concurrently; $900 SA. |
| 21:843(b); USE COMMUNICATIONS FACILITY - CONTROLLED SUBSTANCE - DISTR.; NMT $250,000 [*] NMT 4Y or B; NMT 3Y SUP REL; $100 SA; G-LINES; VWPA (2-9) | 97 Mos Imp as to Ct 1 and 48 Mos as to Cts 2,3,4,5,6,7,8 and 9, seprately, with each Ct to run concurrently with the other and also to run concurrently to Ct 1; 60 Mos Sup Rel as to Ct 1 and 12 Mos as to Cts 2-9, with all Cts to run concurrently; $900 SA. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 21:846 Conspire to possess with intent to distribute methamphetamine. | |

## Plaintiff

**USA**                          represented by  **A. Clark Morris**
                                                U.S. Attorney's Office
                                                PO Box 197
                                                Montgomery, AL 36101-0197
                                                334-223-7280
                                                Fax: 223-7560
                                                Email: clark.morris@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **John T. Harmon**
                                                U.S. Attorneys Office
                                                PO Box 197
                                                Montgomery, AL 36101-0197
                                                334-223-7280
                                                Fax: 334-223-7560
                                                Email: john.harmon@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/31/2005 | 1 | COMPLAINT as to Sergio Rios (1). (ws ) [1:05-mj-00110-CSC] (Entered: 09/01/2005) |
| 08/31/2005 | 2 | WARRANT FOR ARREST Issued as to Sergio Rios. (ws, ) [1:05-mj-00110-CSC] (Entered: 09/01/2005) |
| 10/06/2005 |   | Case unsealed as to Sergio Rios purusant to notice of arrest received from the U.S. Marshal Service. (ws, ) [1:05-mj-00110-CSC] (Entered: 10/06/2005) |
| 10/06/2005 | 3 | MOTION for Detention Hearing by USA as to Sergio Rios. (ws ) [1:05-mj-00110-CSC] (Entered: 10/06/2005) |
| 10/12/2005 | 4 | (Court only) Arrest Warrant Returned Executed in case as to Sergio Rios. Defendant arrested on 10/6/05. (ws, ) [1:05-mj-00110-CSC] (Entered: 10/13/2005) |
| 10/14/2005 | 5 | Rule 5(c)(3) Documents Received from Middle District of Georiga as to Sergio Rios (Attachments: # 1 Docket Sheet# 2 Financial Affidavit# 3 Minutes of Initial Appearance# 4 Order of Removal# 5 Notice of Appearance of Counsel# 6 Motion for Discovery)(ws, ) [1:05-mj-00110-CSC] (Entered: 10/17/2005) |
| 10/19/2005 |   | (Court only) ***Set INTERPRETER Flag as to Sergio Rios (ws, ) [1:05-mj-00110-CSC] (Entered: 10/19/2005) |

| 10/24/2005 | 6 | MOTION for Appearance of Counsel Pro Hac Vice by Attorney John Phillip Cannon as to Sergio Rios. (Attachments: # 1 Certificate of Good Standing# 2 Receipt - Pro Hac Vice)(ws ) [1:05-mj-00110-CSC] (Entered: 10/24/2005) |
|---|---|---|
| 10/24/2005 | 7 | ORDER as to Sergio Rios granting 3 MOTION for Detention Hearing filed by USA; Detention Hearing is set for 10/27/2005 09:00 AM in Courtroom 4B before Honorable Charles S. Coody. Pending this hearing the defendant shall be held in custody by the United States Marshal and produced for the hearing. Signed by Judge Charles S. Coody on 10/24/05. (ws ) [1:05-mj-00110-CSC] (Entered: 10/24/2005) |
| 10/26/2005 | 8 | MOTION for Leave to Appear Lead Counsel Attorney: Derek E. Yarbrough. by Sergio Rios. (Yarbrough, Derek) [1:05-mj-00110-CSC] (Entered: 10/26/2005) |
| 10/26/2005 | 9 | MOTION to Continue *Detention Hearing* by Sergio Rios. (Yarbrough, Derek) [1:05-mj-00110-CSC] (Entered: 10/26/2005) |
| 10/26/2005 | 10 | MOTION for Leave to Appear Counsel Attorney: Spencer W. Danzey. by Sergio Rios. (Yarbrough, Derek) [1:05-mj-00110-CSC] (Entered: 10/26/2005) |
| 10/26/2005 | | Attorney update in case as to Sergio Rios. Attorney Spencer Wayne Danzey for Sergio Rios added. (ws, ) [1:05-mj-00110-CSC] (Entered: 11/02/2005) |
| 10/27/2005 | 11 | ORDER as to Sergio Rios granting 10 MOTION for Leave to Appear Counsel Attorney: Spencer W. Danzey ; granting 8 MOTION for Leave to Appear Lead Counsel Attorney: Derek E. Yarbrough; granting 9 MOTION to Continue *Detention Hearing* filed by Sergio Rios. Detention Hearing is RESET for 11/2/2005 at 02:30 PM in Courtroom 4B before Honorable Charles S. Coody. Pending this hearing, the defendant shall be held in custody by the United States Marshal and produced for the hearing. Signed by Judge Charles S. Coody on 10/27/05. (ws ) [1:05-mj-00110-CSC] (Entered: 10/27/2005) |
| 10/28/2005 | 12 | MOTION to Withdraw as Attorney by Attorney Phil Cannon as to Sergio Rios. (ws ) Additional attachment(s) added on 10/31/2005 (ws, ). [1:05-mj-00110-CSC] (Entered: 10/31/2005) |
| 10/31/2005 | 13 | ORDER denying as moot 6 Motion for Appearance of Counsel Pro Hac Vice as to Sergio Rios (1); and granting 12 Motion to Withdraw as Attorney. Attorney John Philip Cannon withdrawn from case as to Sergio Rios (1). Signed by Judge Charles S. Coody on 10/31/05. (ws ) [1:05-mj-00110-CSC] (Entered: 10/31/2005) |
| 10/31/2005 | | Attorney update in case as to Sergio Rios. Attorney John Philip Cannon terminated. (ws, ) (Entered: 11/22/2005) |

| 11/02/2005 | ●14 | Minute Entry for proceedings held before Judge Charles S. Coody :Detention Hearing as to Sergio Rios held on 11/2/2005 (Recording Time FTR: 2:30 - 3:27) (Attachments: # 1 Witness List) (ws) [1:05-mj-00110-CSC] (Entered: 11/03/2005) |
|---|---|---|
| 11/03/2005 | ●15 | ORDER OF DETENTION as to Sergio Rios . Signed by Judge Charles S. Coody on 11/3/05. (ws, ) [1:05-mj-00110-CSC] (Entered: 11/03/2005) |
| 11/03/2005 | ●16 | ORDER as to Sergio Rios that based on the evidence presented at the hearing, the court finds that there is probable cause to believe that an offense has been committed and that the defendant committed it and that the defendant be held to answer the charges against him in this court . Signed by Judge Charles S. Coody on 11/3/05. (ws) [1:05-mj-00110-CSC] (Entered: 11/03/2005) |
| 11/15/2005 | ●17 | INDICTMENT as to Sergio Rios (1) count(s) 1, 2-9, James Lindy Argo (2) count(s) 1, Johnny Lamar Slay (3) count(s) 1, 2-4, 7-8. (kcg, ) Modified on 11/22/2005 (ws, ). (Entered: 11/18/2005) |
| 11/18/2005 | ●19 | ORDER to Produce Prisoner for Arraignment as to Sergio Rios Arraignment set for 11/30/2005 10:00 AM in Courtroom 4B before Honorable Charles S. Coody. Signed by Judge Charles S. Coody on 11/18/05. (kcg, ) (Entered: 11/18/2005) |
| 11/30/2005 | ●22 | Minute Entry for proceedings held before Judge Charles S. Coody : Initial Appearance as to Sergio Rios held on 11/30/2005; Arraignment as to Sergio Rios (1) Count 1, 2-9 held on 11/30/2005, Plea entered by Sergio Rios (1) Not Guilty on counts 1, 2 -9 of the Indictment. (Recording Time FTR: 10:09 - 10:16.) (ws, ) (Entered: 11/30/2005) |
| 11/30/2005 | ●23 | WAIVER of Speedy Trial by Sergio Rios (ws, ) (Entered: 11/30/2005) |
| 12/01/2005 | ●27 | ORDER ON ARRAIGNMENT TO INCLUDE ORDER TO CONTINUE - Ends of Justice as to Sergio Rios. Pretrial Conference set for 1/3/2006 01:00 PM in Courtroom 4B before Honorable Charles S. Coody. Jury Trial set for 2/13/2006 before Hon. Chief Judge Mark E. Fuller. Pretrial Motions due by 1/1/2006. Response to Motion due by 1/13/2006. Discovery due by 12/7/2005. Signed by Judge Charles S. Coody on 12/1/05. (kcg, ) (Entered: 12/01/2005) |
| 12/07/2005 | ●29 | MOTION to Continue trial by Sergio Rios. (Yarbrough, Derek) (Entered: 12/07/2005) |
| 12/08/2005 | ● | Case as to Sergio Rios, James Lindy Argo, Johnny Lamar Slay Reassigned to Judge L. Scott Coogler. Judge Mark E. Fuller no longer assigned to the case. (kcg, ) (Entered: 12/08/2005) |
| 12/08/2005 | ● | UPDATE TRIAL DEADLINES as to Sergio Rios, Johnny Lamar Slay: Jury Selection and Trial set for 2/13/2006 10:00 AM in |

| | | |
|---|---|---|
| | | Courtroom 2A before Honorable L. Scott Coogler. (kcg, ) (Entered: 12/12/2005) |
| 12/08/2005 | 🖉 | UPDATE TRIAL DEADLINES as to Sergio Rios, Johnny Lamar Slay: Jury Selection and Trial set for 2/13/2006 10:00 AM in Courtroom 2D before Honorable L. Scott Coogler. (kcg, ) (Entered: 12/12/2005) |
| 12/08/2005 | | (Court only) ***Set/Clear Flags as to Sergio Rios, James Lindy Argo, Johnny Lamar Slay (ws, ) (Entered: 09/11/2006) |
| 12/21/2005 | 🖉30 | WAIVER of Speedy Trial by Sergio Rios (Yarbrough, Derek) (Entered: 12/21/2005) |
| 12/29/2005 | 🖉31 | MOTION to Produce *Defendant* by Sergio Rios. (Yarbrough, Derek) (Entered: 12/29/2005) |
| 12/30/2005 | 🖉32 | ORDER granting 31 Motion to Produce Defendant for the Pretrial Conference presently set for 1/3/06 as to Sergio Rios (1). The United States Marshal or the person having custody of the defendant shall produce the defendant for the pretrial conference set for 1/3/06 at 1:00 p.m. in Courtrrom 4B. Signed by Judge Charles S. Coody on 12/30/05. (kcg, ) (Entered: 12/30/2005) |
| 01/03/2006 | 🖉33 | Minute Entry for proceedings held before Judge Charles S. Coody :Pretrial Conference as to Sergio Rios, Johnny Lamar Slay held on 1/3/2006 (Recording Time 1:05 - 1:09.) (jct, ) (Entered: 01/03/2006) |
| 01/03/2006 | 🖉34 | NOTICE OF ATTORNEY APPEARANCE: Stephen Roger Glassroth appearing for Sergio Rios (Glassroth, Stephen) (Entered: 01/03/2006) |
| 01/06/2006 | 🖉35 | PRETRIAL CONFERENCE ORDER as to Sergio Rios : Jury Selection set for 2/13/2006 before Honorable L. Scott Coogler. Jury Trial set for 2/13/2006 before Honorable L. Scott Coogler and is expected to last one week. The following motion is currently pending: Defendant's Motion to Continue Trial. Voir Dire due by 2/6/2006 ; Proposed Jury Instructions due by 2/6/2006 ; Motions in Limine due by 2/6/2006 ; Plea Agreement due by 2/6/2006. Signed by Judge Charles S. Coody on 1/6/06. (ws ) (Entered: 01/06/2006) |
| 01/18/2006 | 🖉37 | Supplemental MOTION to Continue trial by Sergio Rios. (Glassroth, Stephen) (Entered: 01/18/2006) |
| 01/23/2006 | 🖉 | Minute Entry for proceedings held before Judge L. Scott Coogler :Status Conference as to Sergio Rios held on 1/23/2006 [no pdf attached] (Court Reporter Lindy Fuller.) (kcg, ) (Entered: 02/10/2006) |
| 01/24/2006 | 🖉38 | STAMPED ORDER as to Sergio Rios GRANTING 29 MOTION to Continue trial filed by Sergio Rios, CONTINUING GENERALLY the trial of this case and GRANTING an extention of 45 days for |

|  |  | pretrial motions . Signed by Judge L. Scott Coogler on 1/24/06. (kcg, ) (Entered: 01/24/2006) |
|---|---|---|
| 01/24/2006 | ⊜39 | STAMPED ORDER as to Sergio Rios GRANTING 37 Supplemental MOTION to Continue trial filed by Sergio Rios, CONTINUING GENERALLY the trial of this case . Signed by Judge L. Scott Coogler on 1/24/06. (kcg, ) (Entered: 01/24/2006) |
| 02/03/2006 | ⊜42 | ORDER as to Sergio Rios Status Conference set for 2/23/2006 08:45 AM in Courtroom 2D before Honorable L. Scott Coogler. Signed by Judge L. Scott Coogler on 2/3/06. (kcg, ) (Entered: 02/03/2006) |
| 02/09/2006 | ⊜47 | ORDER as to Sergio Rios : Jury Trial is set for 4/17/2006 before Honorable L. Scott Coogler. A Final Pretrial Conference set for 3/3/2006 03:30 PM in Courtroom 4B before Honorable Charles S. Coody. Signed by Judge Charles S. Coody on 2/9/06. (ws, ) (Entered: 02/09/2006) |
| 02/14/2006 | ⊜49 | ORDER as to Sergio Rios Pretrial Conference set for 3/3/06 is RESET to 3/6/2006 01:30 PM in Courtroom 4B before Honorable Charles S. Coody. All applicable deadlines contained in the prior arraignment order and pretrial order are adjusted accordingly, provided, however, that the deadline for the filing of pretrial dispositive motions is not extended. Signed by Judge Charles S. Coody on 2/14/06. (kcg, ) (Entered: 02/14/2006) |
| 02/28/2006 | ⊜50 | MOTION for Release from Custody *to agents* by USA as to Sergio Rios. (Attachments: # 1 Text of Proposed Order)(Morris, A.) (Entered: 02/28/2006) |
| 03/01/2006 | ⊜51 | ORDER granting 50 Motion for Release from Custody as to Sergio Rios (1). Signed by Judge Charles S. Coody on 3/1/2006. (sql, ) (Entered: 03/01/2006) |
| 03/06/2006 | ⊜52 | Minute Entry for proceedings held before Judge Charles S. Coody :Pretrial Conference as to Sergio Rios held on 3/6/2006 (Recording Time FTR: 1:33 - 1:35) (ws) (Entered: 03/06/2006) |
| 04/05/2006 | ⊜54 | NOTICE OF INTENT TO CHANGE PLEA by Sergio Rios (Yarbrough, Derek) (Entered: 04/05/2006) |
| 04/10/2006 | ⊜55 | ORDER as to Sergio Rios that pursuant to the defendant's 54 Notice of Intent to Change Plea filed on April 5, 2006, it is hereby ORDERED that defendant's Change of Plea Hearing be and is hereby set for 4/20/2006 01:00 PM in Courtroom 4B before Honorable Charles S. Coody. The Clerk is directed to provide a court reporter and an interpreter for this proceeding. If the defendant is in custody, the United States Marshal or the person having custody of the defendant shall produce the defendant for the proceeding. Signed by Judge Charles S. Coody on 4/10/06. (kcg, ) (Entered: 04/10/2006) |

| 04/10/2006 | 56 | ORDER as to Sergio Rios that the Change of Plea hearing previously set for April 20, 2006 is hereby RESET for 4/12/2006 01:30 PM in Courtroom 4B before Honorable Charles S. Coody. The Clerk is directed to provide a court reporter and an interpreter for this proceeding. If the defendant is in custody, the United States Marshal or the person having custody of the defendant shall produce the defendant for the proceeding. Signed by Judge Charles S. Coody on 4/10/06. (kcg, ) (Entered: 04/10/2006) |
|---|---|---|
| 04/10/2006 | | ORDER Accepting Guilty Plea as to Sergio Rios and Adjudicating the defendant guilty as to Count(s) 1, 2-9 of the Indictment . Signed by Judge Charles S. Coody on 4/10/06. (ws ) (Entered: 04/14/2006) |
| 04/11/2006 | 57 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Sergio Rios (ws, ) (Entered: 04/13/2006) |
| 04/12/2006 | 58 | PLEA AGREEMENT as to Sergio Rios (ws ) (Entered: 04/13/2006) |
| 04/12/2006 | 59 | Minute Entry for proceedings held before Judge Charles S. Coody :Change of Plea Hearing as to Sergio Rios held on 4/12/2006, Plea entered by Sergio Rios (1) Guilty Count 1, 2-9 of the Indictment. (Court Reporter James Dickens) (ws) (Entered: 04/13/2006) |
| 04/17/2006 | 60 | MOTION to Withdraw as Attorney by Stephen R. Glassroth. by Sergio Rios. (Glassroth, Stephen) (Entered: 04/17/2006) |
| 05/11/2006 | 63 | ORDER granting 60 Motion to allow Stephen Glassroth to Withdraw as Attorney as to Sergio Rios (1). Signed by Judge Charles S. Coody on 5/11/06. (ws ) (Entered: 05/11/2006) |
| 05/11/2006 | 64 | ORDER as to Sergio Rios setting Sentencing for 6/30/2006 01:30 PM before Honorable L. Scott Coogler, directing counsel to communicate in writing to the PO any objections to the PSR by 6/8/06, directing parties to be available for a conference with the PO on 6/13/06 at 10:30, as outlined in order, and directing that any motions for downward departure shall be filed on or before the pretrial conference date. Signed by Judge L. Scott Coogler on 5/11/06. (snc) (Entered: 05/11/2006) |
| 06/26/2006 | 67 | MOTION for Downward Departure by USA as to Sergio Rios. (Morris, A.) (Entered: 06/26/2006) |
| 06/26/2006 | 68 | MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility by USA as to Sergio Rios. (Morris, A.) (Entered: 06/26/2006) |
| 06/30/2006 | | Minute Entry for proceedings held before Judge L. Scott Coogler :Sentencing held on 6/30/2006 as to Sergio Rios (1); Interpreter Beverly Childress present and oath administered; Govt's motion #68 for reduction for acceptance of responsibility is ORALLY GRANTED; Govt's motion #67 for 5K1.1 for downward departure (amended to add 3553(e)) is ORALLY GRANTED; SENTENCE: |

| | | |
|---|---|---|
| | | CBP 97 mos (this term consists of 97 mos as to Ct 1 and 48 mos as to Cts 2-9 w/each Ct to run concurrently and concurrently to Ct 1 w/recommendation to BP as set out in J&C - SRT 60 mos w/standard and special conds as set out in J&C; No fine imposed; $900 assessment fee payable to the Clerk; Dft remanded to custody of USM. [NO PDF ATTACHED](Court Reporter Lindy Fuller.) (kcg, ) (Entered: 07/11/2006) |
| 06/30/2006 | | ORAL ORDER as to Sergio Rios GRANTING 68 MOTION for Reduction in Criminal Offense Level for Acceptance of Responsibility filed by USA and GRANTING 67 MOTION for Downward Departure filed by USA . Signed by Judge L. Scott Coogler on 6/30/06. (kcg, ) (Entered: 07/11/2006) |
| 07/11/2006 | 70 | JUDGMENT as to Sergio Rios (1), Count(s) 1, 2-9, 97 Mos Imp as to Ct 1 and 48 Mos as to Cts 2,3,4,5,6,7,8 and 9, seprately, with each Ct to run concurrently with the other and also to run concurrently to Ct 1; 60 Mos Sup Rel as to Ct 1 and 12 Mos as to Cts 2-9, with all Cts to run concurrently; $900 SA. . Signed by Judge L. Scott Coogler on 7/11/06. (kcg, ) (Entered: 07/11/2006) |
| 07/11/2006 | | (Court only) ***Case Terminated as to Sergio Rios (kcg, ) (Entered: 07/11/2006) |
| 08/08/2006 | 71 | MOTION for Release from Custody *to agents* by USA as to Sergio Rios. (Attachments: # 1 Text of Proposed Order)(Morris, A.) (Entered: 08/08/2006) |
| 08/09/2006 | 72 | ORDER granting 71 Motion for Release from Custody as to Sergio Rios (1); directing the USMS to release the defendant to agents as outlined in order and directing the agents to return said prisoner into the custody of the USMS when they have finished with him; Signed by Judge Charles S. Coody on 8/9/06. (ajr) (Entered: 08/09/2006) |
| 02/13/2007 | 98 | MOTION to Strike *Forfeiture Allegation* by USA as to Sergio Rios, James Lindy Argo, Johnny Lamar Slay. (Attachments: # 1 Text of Proposed Order)(Harmon, John) (Entered: 02/13/2007) |
| 02/20/2007 | 101 | ORDER granting 98 Motion to Strike Forfeiture Allegation as to Sergio Rios (1), Johnny Lamar Slay (3). Signed by Judge L. Scott Coogler on 2/20/07. (kcg, ) (Entered: 02/20/2007) |
| 09/24/2007 | | Case as to Sergio Rios Reassigned to Judge Mark E. Fuller. Judge L. Scott Coogler no longer assigned to the case. (kcg, ) (Entered: 09/28/2007) |
| 09/24/2007 | 106 | Pro Se MOTION for Leave to File a Motion under 28:2255 by Sergio Rios. (kcg, ) (Entered: 09/28/2007) |
| 10/03/2007 | 107 | ORDER denying as moot 106 Motion for Leave to File a 2255 motion as to Sergio Rios (1). Signed by Judge Charles S. Coody on 10/3/07. (kcg, ) (Entered: 10/03/2007) |

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## Middle District of Alabama

UNITED STATES OF AMERICA

    v.                                   Case Number 1:05-CR-0264-LSC

SERGIO RIOS                               USM Number 87975-002
     Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, SERGIO RIOS, was represented by Derek Evan Yarbrough and Spencer Wayne Danzey.

The defendant pleaded guilty to counts 1, 2, 3, 4, 5, 6, 7, 8, and 9. Accordingly, the defendant is adjudged guilty of the following counts, involving the indicated offenses:

| Title & Section | Nature of Offense | Offense Ended | Count Numbers |
|---|---|---|---|
| 21 USC § 841(a)(1) and 846 | Conspiracy to Possess with Intent to Distribute Methamphetamine | 10/6/2005 | 1 |
| 21 USC § 843(b) | Use of a Communication Facility in Committing a Drug Trafficking Offense | 9/28/2005 | 2, 3, 4, 5, 6, 7, 8, and 9 |

As pronounced on June 30, 2006, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $900.00, for counts 1, 2, 3, 4, 5, 6, 7, 8, and 9, which shall be due immediately, payable to the Clerk, U.S. District Court, Middle District of Alabama, PO Box 711, Montgomery, AL 36104.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Done this 11th day of July 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124019

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant:  SERGIO RIOS
Case Number:  1:05-CR-0264-LSC

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of NINETY SEVEN (97) months.  This term consists of 97 months as to Count 1 and 48 months as to Counts 2, 3, 4, 5, 6, 7, 8, and 9, separately, with each count to run concurrently with the other and also to run concurrently to Count 1.

The Court recommends to the Bureau of Prisons that the defendant be evaluated and allowed to participate in the 500 hour intensive drug treatment program and be housed as close as possible to his family in Donaldsonville, Georgia.  The drug treatment should take first priority.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to_____ at _____
_____, with a certified copy of this Judgment.


_____
United States Marshal

By      _____
Deputy Marshal

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Supervised Release

Defendant: SERGIO RIOS
Case Number: 1:05-CR-0264-LSC

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 60 months. This term consists of 60 months as to Count 1 and 12 months as to Counts 2 through 9, with all counts to run concurrently. The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of supervised release.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

✔    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

✔    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)    the defendant shall support his or her dependents and meet other family responsibilities;

5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 - Continuation of Standard Conditions of Supervised Release

Defendant: SERGIO RIOS
Case Number:  1:05-CR-0264-LSC

### CONTINUATION OF STANDARD CONDITIONS OF SUPERVISED RELEASE

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 3 (cont'd) - Supervised Release

Judgment--Page 5 of 5

Defendant:  SERGIO RIOS
Case Number:  1:05-CR-0264-LSC

### SPECIAL CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)    Upon completion of the term of imprisonment, the defendant shall be remanded to the custody of the U.S. Marshal Service for surrender to an authorized Bureau of Immigration & Customs Enforcement official for deportation proceedings in accordance with the Immigration and Nationality Act. If deported, (a) the term of supervision shall be non-reporting while the defendant resides outside the United States, (b) the defendant shall not reenter the United States without the express permission of the Secretary of Homeland Security, and (c) if the defendant should reenter the United States within the term of supervised release, the defendant is to report to the nearest United States Probation Office within seventy-two (72) hours of arrival.
2)    The defendant shall participate in drug testing and drug treatment and shall contribute to the cost based on his ability to pay and the availability of third party payments.
3)    The defendant shall submit to the search of his person, residence, office, and vehicle pursuant to the search policy of this court.
4)    The defendant shall participate in educational/vocational training as directed by the probation officer.
5)    The defendant shall cooperate in the collection of DNA as directed by the probation officer.