IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SERGIO RIOS, | ) |
| Petitioner, | ) ) ) |
| v | ) Civil Action No. 1:08cv59-MEF |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**O R D E R**

Pursuant to the orders of this court, the United States has filed a response (Doc. No. 4) addressing the applicability of the period of limitation to the motion to vacate under 28 U.S.C. § 2255 that was filed by federal inmate Sergio Rios ("Rios") on or around December 4, 2007.[1] In its response, the government argues that Rios's motion is barred by the one-year period of limitation applicable to motions filed under 28 U.S.C. §2255. *See* § 105 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").[2] Specifically, the government asserts that Rios's convictions for drug-related offenses became final on July 21, 2006 – 10 days after the district court's entry of Judgment, as no direct appeal was filed – and that the

---

[1] Although the motion was date-stamped "received" in this court on January 23, 2008, it was signed by Rios as delivered to prison officials on December 4, 2007. Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999).

[2] "Section 105 amended 28 U.S.C. § 2255, establishing a one-year 'period of limitation' for motions filed pursuant to § 2255." *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998). This section became effective on April 24, 1996.

instant § 2255 motion was filed after expiration of the one-year period of limitation. *See* United States' Response to § 2255 Motion (Doc. No. 4) at 2.

Paragraph 6 of 28 U.S.C. § 2255 specifies that the one-year period of limitation begins from the latest date of

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On January 31, 2006, Rios pled guilty to several drug-related federal offenses. He was sentenced on June 30, 2006. *See* Criminal Docket for Case No. 1:05cr264-MEF. The district court entered Judgment on July 11, 2006. *Id.* Rios did not file a direct appeal of his conviction. By operation of law, then, his conviction became final on July 21, 2006, upon expiration of the time for him to file a direct appeal (i.e., 10 days after the district court's entry of Judgment).[3] Thus, Rios had until July 21, 2007, to file a timely § 2255 motion. The

---

[3] *See* Fed.R.App.P. 4(b)(1) (defendant's notice of appeal in a criminal case must be filed in the district court within 10 days after entry of the district court's judgment); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000) (for a defendant who does not file a direct appeal, the conviction becomes final ten days after the district court's Judgment is entered); *see also Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

instant motion, however, was not filed until on or around December 4, 2007.

It does not appear that any of § 2255's exceptions to application of the limitation period are applicable in this case. Specifically, Rios's claims do not rest on an alleged "right [which] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Moreover, the court notes that the government has not prevented Rios from filing an earlier motion nor has Rios submitted any grounds for relief that could not have been put forth earlier under the exercise of due diligence such that the limitation period begins to run at a time other than upon the finality of his conviction.

Under the circumstances of this case as outlined herein, it appears to the court that the one-year period of limitation contained in 28 U.S.C. § 2255 expired prior to Rios's filing his motion to vacate. Accordingly it is

ORDERED that on or before March 20, 2008, Rios shall show cause why his 28 U.S.C. § 2255 motion should not be dismissed as it was not filed within the one-year limitation period established by the AEDPA.

Done this 28th day of February, 2008.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE