IN THE DISTRICT COURT OF THR UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

SERGIO RIOS,  )
            )
    Petitioner,  )
            )  Civil Action No. 1:08-cv-59-MEF
v.          )
            )
UNITED STATES OF AMERICA,  )
            )
    Respondent.  )

Comes Now, Sergio Rios, hereafter "Petitioner" and files this motion in support to his motion under title 28 USC § 2255. Pursuant to the orders of this H. Court, Petitioner was instructed to file a motion showing cause why his motion under 28 USC § 2255, should not be dismissed as it was not filed within one-year limitation period.

Facts

On December 4, 2007, Petitioner filed a motion under title 28 USC § 2255, based on ineffective assistance of counsel due to Petitioner's defense counsel's numerous failures, including but not limited to the deprivation from his right to appeal his conviction and sentence, the failure to challenge the information in the PSI, which was never explained to Petitioner, the enhancement of 2 levels without Petitioner's acceptance, that also were not proved to a jury beyond a reasonable doubt, among other failures, in fact the simple fact that Petitioner's right to appeal was violated constitutes per se a violation of Petitioner's constitutional rights.

Also, after the sentencing hearing, Petitioner asked to his conusels to submit an appeal, but counsels told Petitioner that it would not be necessary, because they would submit a motion under Rule 35, asking that in exchange of Petitioner's assistance to the government, he would receive a further downward departure, this motion under Rule 35 was never filed within this H. Court, in fact Petitioner waited more than a year to submit his motion under 28 USC § 2255, hoping that said motion under Rule 35, would be submitted by his counsels, which never happened, in Petitioner's great prejudice.

Equitable Tolling applies where extraordinary circumstances beyond a prisoner's control prevent timely filing, that condition is met here where Ineffective Assistance of Counsel was egregious and the petitioner was diligent, United States v. Martin, 408 F3d. 1089, C.A. 8th 2005.

An attorney's conduct if it is sufficiently egregious, may constitute the sort of "extraordinary circumstances" that would justify the application of equitable tolling to the one year limitation period of AEDPA., Baldayaque v. United States, 338 F3d 145, C.A. 2nd 2005.

In the instant case, Petitioner was deprived from his right to appeal, because his counsels told him that they would submit a motion under Rule 35, which they never did, Petitioner was in the believe that his counsels would in fact submit the motion and that the response to said motion would take time, therefore Petitioner was not just deprived from his right to appeal, but also from his right to seek relief under title 28 USC § 2255, not to say under Rule 35.

On his motion under title 28 USC § 2255, Petitioner submitted that the reason for filing this motion after the one-year statute limitation was, that he was waiting for his counsels to file a motion under Rule 35, and also noted to the H. Court that he should be granted to relief under the "equitable tolling principle" because he did not have control to prevent timely filing of this motion, it was out of Petitioner's control to appeal and also to submit this motion before the time statue limitation was due.

THEREFORE, Petitioner respectfullys asks this H. Court with the following ORDERS:

1. ORDER accepting Petitioner's motion under title 28 USC § 2255, in its entirity, and all the relief requested in said motion.
2. ORDER any other relief that this H. Court may deem as just and proper.

Respectfully submitted,

*Sergio Rios*                              Date: March 13, 2008

Sergio Rios, Petitioner pro se.
Reg.# 87975-020
P.O.BOX 605
EDEN, TX 76837

SERGIO RIOS
REG.# 87975-020
P.O.BOX 605
EDEN, TX 76837

Honorable Clerk of Court
United States District Court
Middle District of Alabama
P.O.BOX 711
Montgomery, Alabama   36101-0711

LEGAL MAIL